IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IRMA PEREZ, JOHN ESPINO, JOSHUA ESPINO, JEREMY ESPINO, and MANUEL ESPINO, | 4:18CV3014 |
| Plaintiffs, | ORDER |
| v. | |
| JOHN AND JANE DOE(S) 1 THROUGH 10; RICK SCHMIDT; RAELEE VAN WINKLE; JERRY ESCH; MICHAEL DOREMUS; KELLY SCARLETT; and ALLEN SEDLAK; All Of Whom Are Named In Their Individual Capacity, | |
| Defendants. | |

This matter is before the Court on the plaintiffs' Motion to Alter or Amend Judgment (Filing No. 15) pursuant to Federal Rules of Civil Procedure 59(e) and 60. The plaintiffs seek an order "altering, amending, and/or vacating" this Court's April 9, 2018, Memorandum and Order (Filing No. 13) dismissing the Second Amended Complaint (Filing No. 1-1) for failure to state a claim. The plaintiffs claim the Memorandum and Order was entered "without consideration of the amendments made to the Plaintiffs' complaint filed in the State District Court," particularly their allegations of ongoing racial profiling. According to the plaintiffs, the Court's dismissal of this case was improper because they "have stated a plausible claim, and should be allowed to proceed." The defendants oppose further review (Filing No. 17), arguing "Plaintiffs have presented no argument that this Court has not already considered and analyzed."

Whether to grant the plaintiffs' Motion to Alter or Amend Judgment is a matter committed to the broad discretion of this Court. *See*, *e.g.*, *Harris v. Ark. Dep't of Human Servs., Div. of Mental Retardation-Developmental Disabilities Servs.*, 771 F.2d 414, 417 n.3 (8th Cir. 1985). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th

Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)). "Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006).

Rule 60(a) authorizes the Court to correct mistakes or omissions in a judgment or order before an appeal is filed. Rule 60(b) enables the Court to provide relief for certain specified reasons, including, without limitation, mistake, inadvertence, surprise, and "any other reason that justifies relief." "Relief under Rule 60(b) is an extraordinary remedy. It is not a substitute for other legal remedies, and relief under this rule is to be granted only when exceptional circumstances prevented a party from seeking redress through the usual channels." *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993). Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Having thoroughly reviewed the plaintiffs' Motion and the parties' submissions, the Court finds the plaintiffs have failed to present adequate grounds to warrant reconsideration. Their claim that the Court did not consider the allegations presented in the Second Amended Complaint is completely without merit. The Court carefully considered and rejected all of the plaintiffs' arguments in its April 9, 2018, Memorandum and Order (Filing No. 13). As such, the plaintiffs' Motion to Alter or Amend Judgment (Filing No. 15) is denied.

IT IS SO ORDERED.

Dated this 12th day of June, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge